THOMAS MORGAN, appellant, *vs.* WILLIAM SMITH, SAMUEL MONTGOMERY, and HENRY R. HOLLISTER, appellees.

*Appeal from Scott.*

A covenant by the obligor, in a bond to convey land, by executing and delivering to the obligee "a good and sufficient general warranty deed," is not satisfied, without the conveyance of a perfect title, free of all incumbrances.

The grant of an easement authorizing the grantee to dam up, and use the water of a branch running over the land of the grantor; and, also, to use the water of a spring upon it, is an incumbrance.

A covenant to convey land, free of all incumbrance, is not complied with by the tender of a deed to the covenantee, with the reservation of an easement, previously granted, by the covenanter to a stranger.

The existence of such an easement being a breach of the covenant against incumbrances, may, in an action by the covenanter against the covenantee, upon a note given for a part of the purchase money, be set up by way of defence, as a failure of consideration, to the extent of the injury occasioned by the incumbrance; or the covenantee, in order to have the rights of all the parties fully and finally settled, may resort to a Court of Equity, for the purpose of compelling the covenanter to surrender up the note, and execute a deed upon such terms as should be found to be just and equitable.

It is a well settled principle, that the allegations and proofs must correspond, and that a party will not be entitled to relief, although the evidence may establish a clear case in his favor, unless there are averments in the bill to support the case made by the bill.

But a complainant is not bound to set forth his adversary's rights, with the same particularity as his own. Where the extent and character of those rights is more peculiarly within the knowledge of the adverse party, it is sufficient for the complainant to allege generally, that the adverse party has, or claims to have, some rights relative to the subject matter of the controversy, leaving the opposite party to disclose in his answer the nature and extent of them.

It is no defence to a bill alleging a breach of a covenant against incumbrances, that the covenantee knew of the existence of the incumbrance, at the time of the making of the covenant.

A defendant is not permitted to file a cross bill, where his rights are fully disclosed in his answer, in response to the allegations of the bill, and may be fully protected by the Court, upon the hearing of the original bill.
Where one of several parties, defendant to a bill in chancery, has no interest in the subject matter in litigation, it is not error in the Circuit Court to dismiss the bill as to the other parties.

Bill in chancery, to enjoin a suit at law, to compel a specific performance, &c., filed in the Scott county Circuit Court, by the appellant against the appellees, and heard before Woodson, Judge. The bill stated, in substance, that complainant, about the 6th of November, 1845, purchased of William Smith the following lands, to wit: the north-east quarter of the north-east quarter of section number twenty-nine, township fourteen north, range twelve west, containing thirty-nine acres; and, also, a part of the north-west quarter of the north-east quarter of the same section, containing thirty-one acres—there being in both parcels seventy acres of land; upon which were a frame dwelling house, and other valuable improvements; the two tracts of land making one entire farm and piece of property. That Morgan paid and agreed to pay Smith for this property, the sum of one thousand dollars: five hundred dollars were paid in hand, at the time of purchase, and Morgan gave his note for the balance, payable on the first day of March following; upon which Smith executed to Morgan a bond or contract, under seal, by which he bound himself to make and deliver to Morgan, or his assigns, a good general warranty deed for said land, and to deliver possession of the land on the 1st of March, 1846, upon payment of the note for five hundred dollars. These were to be done simultaneously. That long before this note became due, Morgan paid Smith three hundred dollars on account of it, and offered in due time to pay the remaining two hundred dollars, and demanded of Smith a conveyance of the land, pursuant to the contract; which Smith refused to make, but offered a deed, with various reservations and conditions, not authorized by the contract of sale. Morgan avers that since he made the purchase from Smith, he has learned that Samuel Montgomery and Henry R. Hollister, the other respondents, have set up some claim to a portion of or to some right upon said land. Admits that Morgan knew, when he purchased the land, that Montgomery and Hollister, or some other person, had upon one corner of one of said tracts of land, a tan yard, &c.; but who were then or are now the owners of the same, he does not know.

Admits that, about or after the time of sale from Smith to Morgan, Smith told Morgan, that he, Smith, had conveyed away three quarters of an acre of land, off one corner of said tract, to include said tan yard; but that, without these three quarters of an acre, Smith averred there were more than seventy acres of land in the two tracts. That Morgan purchased the land without notice that there were any other rights conveyed or sold to attach to said tan yard; and that Morgan offered to take a deed from Smith, and leave out the three quarters of an acre, and if the two tracts fell short of seventy acres, that Morgan should be allowed an equivalent of fourteen dollars and twenty-three cents per acre, for the diminution in quantity. That before the said first of March, Smith was to have the land surveyed by the county surveyor, to ascertain the exact quantity of land; which had not been done. The bill charges that Smith has wholly failed to comply on his part, and has sued Morgan for the full amount of the five hundred dollar note, without crediting him with the three hundred dollars already paid. That Smith is insolvent, and fraudulently designs to enforce the payment for the land, without complying with his contract on his part. That all the respondents are combining to procure and retain out of said land, rights and privileges that do not belong to them. The bill prayed that the suit at law be enjoined, and that Montgomery and Hollister be compelled to exhibit and show what right they have to said land, or to any part of it, and all privileges connected therewith. That the rights of all the parties in the land be ascertained and quieted. That a survey of the land be ordered, and if Montgomery and Hollister are entitled to any part of said tracts of land, or to any rights and privileges out of or upon the same, that the Court will determine the value of the land, and the rights and privileges of Montgomery and Hollister; and that an abatement in price be made, in proportion to the ascertained value of the injury sustained by the tracts of land in consequence thereof. That Montgomery and Hollister be perpetually enjoined from interfering with or entering upon or exercising any privileges upon said land, except the said three quarters of an acre; and that Smith be compelled to convey the land, &c.

Smith answered, admitting the truth of the bond, &c.; that he sold the farm in block, for one thousand dollars, described in

the bond as containing "seventy acres, more or less," and that the land has been surveyed, and contains a fraction more than sixty-nine acres, and that he has received eight hundred dollars from Morgan, on account of the land. Avers a tender of a deed as required by the bond, which Morgan refused to receive, " on the evasive pretext of the reservation in the same of a certain privilege to the said Henry R. Hollister, Samuel Montgomery, and one Jesse Eustis; " and he insists that Morgan had both actual and constructive notice of the sale of this privilege to Hollister and Montgomery, prior to his purchase of the land from Smith. The deed tendered by Smith to Morgan contains this reservation : " excepting, nevertheless, a certain privilege of damming up and raising the water in a certain branch running across a tract of land, conveyed by the grantor to Henry R. Hollister, Samuel Montgomery and Jesse Eustis, by their deed executed December 31st, A. D. 1844, and recorded in the recorder's office of Scott county, Illinois; which privilege consists in the right on the part of the last above named grantees, to dam up the water of said branch, on the lands of said grantors, above said land so conveyed to the last named grantees, and to convey and use all the water in the main spring on the land of the said grantors, up said branch, across their land, to the premises by them in said deed conveyed, either by an aqueduct or a ditch, for the use of said grantees, their heirs and assigns, over the premises to them conveyed, for ever."

Hollister and Montgomery filed an answer to the bill of Morgan, and a cross bill, setting up their rights, and praying the Court to define those rights, and to protect them against the acts of Morgan, as the subsequent purchaser from Smith. Morgan excepted to the answer of Smith, for insufficiency, and replied to Hollister's answer, and moved to strike his cross bill from the record.

The Court dismissed Morgan's bill and Hollister's cross bill, and decreed that Morgan should pay Smith two hundred and thirty-nine dollars and twenty-five cents, as the balance of consideration due for the land.

The proofs in the case not being necessary to the understanding of the opinion of the Court, are omitted. Morgan instituted this appeal.

M. McConnel, for appellant:

Does the grant or clause in the deed to Hollister pass an interest in the land, or is it but a personal covenant, by which subsequent purchasers from Smith are not bound? 4 Mass. R., 629, 630, Prescott *vs.* Freeman, determines what is an incumbrance. Morse *vs.* Aldrich, 10 Pickering, 449, 452–3 and 4; Gale's Law of Easements, pp. 1, 2, 6, 10, 12, 31, 32. Morgan insists, that if Hollister has the right he claims, then Smith is bound to refund to him the value of the said right, out of the sum agreed to be paid for said farm. Sumpter *vs.* Welch, 2 Bay's Rep., 558; Adams *vs.* Wylie, 1 Nott & McCord's Rep., 78; Penn *vs.* Preston, 2 Rawle Rep., 14; Tuno *vs.* Flood, 1 McCord's Rep., 121; Prescott *vs.* Freeman, 4 Mass. Rep., 628, 629, 630. Smith cannot protect himself against a compliance with his bond, because Morgan had either constructive or actual notice of the previous conveyances to Hollister and company. Townsend *vs.* Weld, 8 Mass. Rep., 146; Warren *vs.* Powers, 5 Conn. Rep., 381. This authority is clear, that the bond must be complied with. Suydam *vs.* Jones, 10 Wendell's Rep., 180; 1 American Chancery Digest, 677, sec. 84; ibid, 682, sec. 183. Smith cannot compel Morgan to accept a warranty deed for this land, until he shows that he has a good right thereto. Evans *vs.* Kirtland, 4 Paige's Ch. Rep., 637–8; 1 American Ch. Dig., p. 148, sec. 1; 2 Johnson's Rep., 591; 10 Johnson's Rep., 266, 297; 11 Johnson's Rep., 525; Brown *vs.* Cannon, 5 Gilman R., 174. The Court erred in rendering a decree against Morgan, in favor of Smith, upon the answer of Smith alone. McConnel *vs.* Hodson, 2 Gilman, 649; Tarlton *vs.* Vietes, 1 Gilman, 472; Ballance *vs.* Underhill, 3 Scammon, 460, 461.

D. A. Smith, for appellee:

1. A complainant must recover, if at all, on the case made by his bill. He cannot state one case in his bill, and make out a different one in proof. The allegations and proofs must correspond; the latter must support, and not be inconsistent with the former. Although a good case may appear in the evidence, yet if it be variant from that stated in the bill, the bill will be dismissed. The defendant has the right to answer and contest the case on which the complainant claims relief, and he is not required to explain or controvert what is not there stated, as the

foundation of the claim. McKay *vs.* Bissett *et al.*, 5 Gilman, 499. 2. Morgan has not, with legal sufficiency, described the easement in the land conveyed by Smith to Montgomery and others, in his, Morgan's, bill, admitting, for the sake of argument, that the easement is an incumbrance on the land covenanted to be conveyed by Smith to Morgan. 16 Johns., 122, 256. If the incumbrance were fully and sufficiently described, and Morgan could claim a deduction from the purchase money, on account of the existence of the incumbrance, he has not so alleged damages in his bill, as that he is entitled to more than mere nominal damages. Sedgwick on the Measure of Damages, 185, 186. 3. The existence of the incumbrance of the easement, is not a breach of the covenants of the deed, contracted to be made by Smith to Morgan, assuring title to the land, by general warranty. The existence of the easement of a public highway, the Supreme Court of New York, in the case 15 Johns., 483, has decided to be no breach of the covenants in a deed, more comprehensive than the covenants of the deed that Smith agreed to make to Morgan.

Opinion by Mr. Justice TRUMBULL:

That the deed from Smith to Montgomery and others, created an incumbrance upon the land which he had contracted to convey to the complainant, and put it out of his power to comply with his obligation, there can be no question. By his bond, Smith had obligated himself to execute and deliver to the complainant, "a good and sufficient general warranty deed," for the premises in question ; that is, he covenanted to convey a perfect title, free of all incumbrances, (Brown *vs.* Cannon, 5 Gil., 174,) and yet previous to the execution of the bond to complainant, he had conveyed away to Montgomery and others, their heirs and assigns, the right to dam up and use the water of a branch running through the land ; and, also, to use the water of a spring situate upon it. This easement, originally granted to Montgomery and others, and which, by subsequent conveyances, as the record shows, became wholly vested in Hollister, created a perpetual incumbrance upon the land, and Morgan had a right to insist, when called upon to pay the purchase money, upon a deduction from the contract price, of a sum equal in amount to the deterioration of the property, occasioned by the

easement existing upon it; and he was not bound to accept a deed, reserving the privileges which had become vested in Hollister, nor any other than such a deed as would convey to him a complete title to the premises he had contracted for, free of all incumbrance. Morgan might, no doubt, have set up the existence of the easement, as a defence to the suit upon the note, and would have been entitled to a credit, equal in amount to the injury occasioned by the incumbrance; but we think, in order to have the rights of the parties fully and finally settled, he might also come into a Court of Equity, where the obligor might be compelled to surrender up the note, and execute a deed upon such terms as should be found to be just and equitable. The whole record shows such a case as to entitle the complainant to relief; but then it is insisted, that the allegations of his bill are not such as to warrant its being granted in this suit. It is a well settled principle, that the allegations and proofs must correspond, and that a party will not be entitled to relief, although the evidence may establish a clear case in his favor, unless there are averments in the bill to support the case made by the evidence. That the character of the incumbrance is not as distinctly charged as it might have been, is apparent, but a party is not bound to set forth his adversary's title or rights, with the same particularly as his own. The extent and character of the privileges of the defendants, Montgomery and Hollister, being more peculiarly within their own knowledge, it was sufficient for the complainant to allege generally, that they had, or claimed to have, some claim or privilege upon the land, leaving them to disclose in their answers its nature and extent; which they have done. Cooper Eq. Pl., 6; Story's Eq. Pl., sec. 255.

The bill alleges, that the complainant "has learned that Samuel Montgomery and Henry R. Hollister have set up some claim to a portion of, or to some right upon said land," and charges, that the defendants have combined to "reserve rights and privileges that were never originally reserved in said purchase," and prays that Montgomery and Hollister be compelled to exhibit and show "what right they have to said land, or to any part of it, and all privileges connected therewith;" that the Court determine the rights and privileges that said Montgomery and Hollister are entitled to, out of said land, and that an abatement out of the consideration paid and agreed to be paid

for the same be made, equal to the value of the rights reserved. The foregoing allegations and prayer, we think sufficient to entitle the complainant to have his rights and liabilities determined in this suit, notwithstanding both parties seem to have lost sight, in a great measure, of the real points in the case, and to have directed their attention, chiefly, to the question whether the complainant, at the time of his purchase from Smith, had notice of the rights claimed by Montgomery and Hollister—a question, as we conceive, wholly immaterial in this case, as Smith was equally bound by the covenants in his bond, whether the complainant knew of the easement or not. The cross bill filed by Hollister, was wholly unnecessary, and was, therefore, properly dismissed. He had fully set forth and shown his rights in the premises, as a defendant to the original bill, and this was all that he was required to do for the protection of his rights. The original bill was also properly dismissed, as to both Montgomery and Hollister, as no decree could be entered against them, but the Circuit Court erred in dismissing it as to Smith; and as the evidence in reference to the deduction that should be made, in consequence of the easement upon the land, is somewhat uncertain and unsatisfactory, the cause will be remanded, with directions to the Circuit Court, to ascertain how much less the premises contracted for by the complainant are worth, in consequence of the privilege or easement which Hollister has in them; and if the amount is less than what remains due for the land, to deduct it therefrom, and render a decree for the balance in Smith's favor; and upon the payment of such balance by the complainant, that the note for the balance of the purchase money be cancelled, and Smith decreed to execute and deliver to the complainant a general warranty deed, conveying to him a complete title to the premises described in the bond; excepting therefrom the one and thirty-four hundredth acres occupied as a tan yard, and the easement originally granted to Montgomery and others, and now belonging to Hollister; or, if the deterioration in value of the premises, in consequence of the easement or privilege of Hollister in them, shall be found to exceed the balance due Smith for the land, that said note be cancelled, and Smith decreed forthwith to execute and deliver to the complainant a deed of the character aforesaid, and to pay him such excess. The complainant is not entitled to any deduction from the

26

price he agreed to pay, on account of the quantity of the land, as shown by actual survey, being some one or two acres less than what it was estimated to be at the time of the sale. The condition of the bond shows that he did not purchase by the acre, but gave so much for the particular lands, describing them, and being the same then occupied and contracted by said Smith as a farm, containing "seventy acres, more or less." The mention of the quantity of acres was, in this instance, but matter of description, and did not amount to any covenant which would be violated, if the quantity of acres should fall short of the given amount. 4 Kent's Com., 466. Nor can the complainant claim any deduction on account of the tan yard tract having been conveyed to Montgomery and others, as he proffers in his bill to accept a deed excluding it, and it constituted no part of the farm occupied by Smith, at the time of the purchase, but was then, as the bill admits, in the possession of Montgomery and Hollister.

So much of the decree of the Circuit Court as dismisses the cross bill filed by Hollister, and the original bill as to Montgomery and Hollister, is affirmed; and the balance of said decree is reversed, and the cause remanded, at the costs of said Smith.

*Decree modified.*