# PTOLEMY E. HOSMER

*v.*

# LIVESAY CARTER *et al.*

MORTGAGE—*upon life estate may be enforced.* Where a deed was made to a married woman and "her body heirs," it was *held*, that, as the legal effect of the deed was to give her a life estate, and there was no restriction of alienation, it was competent for her, by uniting with her husband, to mortgage her estate and release her homestead, and that such a mortgage created a valid lien upon her interest in the land.

APPEAL from the Circuit Court of Washington county; the Hon. SILAS L. BRYAN, Judge, presiding.

Mr. JAMES A. WATTS, for the appellant.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The original bill in this cause was filed by Livesay Carter against Mary E. Boyd, and her husband, Albert G. Boyd, and appellant, Hosmer, to set aside a deed which he had previously made to his daughter Mary for a certain tract of land, on the ground it had been altered after it was delivered, without his consent. The estate was conveyed to Mary and "her body heirs." The word "body" was stricken out so that, after the erasure, the deed read, to "Mary E. Boyd and her heirs." The evidence shows the erasure was made by Mrs. Boyd, under the belief her father had consented to the alteration. The circuit court decreed relief, and restored the word "body," that the estate granted might be limited to the heirs of the body of Mary E. Boyd, as originally intended.

After the erasure and before the deed was recorded, or the original bill was filed, Albert G. Boyd being indebted to appellant, he and his wife, Mary, executed a mortgage on the premises to secure that indebtedness, and appellant, having been made a party to the original bill, filed a cross-bill to foreclose his mortgage, the notes secured thereby having previously become due. On the hearing the court dismissed the cross-bill, and that decision is assigned for error.

Appellant admits in his answer he knew the estate, by the terms of the deed, was limited to the "body heirs" of Mary E. Boyd, and that the word "body" had been erased before the execution of his mortgage. It was not done by him or by his procurement, or for his benefit. He was in no way responsible for the act, and would have taken the mortgage to secure his indebtedness as readily with the word "body" in, as after the erasure. He supposed the erasure had been made by the consent of the grantor.

There is no dispute the indebtedness intended to be secured by the mortgage was *bona fide,* and the only question is, did Mrs. Boyd have such an interest in the land as she could convey by mortgage?

It seems to be conceded by counsel the words "body heirs" are words of limitation, and Mrs. Boyd would only take a life estate in the premises granted; and if this shall be adopted as the true construction, no reason is perceived why she could not convey whatever interest she had. This she did by uniting with her husband in a deed, regularly executed and acknowledged. The interest she had in the land was of value, and she could rightfully sell and convey it. It might be she could not incumber it so as to prejudice or affect the rights of "the heirs of her body."

It is said, the conveyance was to secure a homestead to Mrs. Boyd and her children, but the grant is not limited in that respect. The original deed contains no restriction upon alienation. The legal effect of the conveyance was to give her a life estate, and it was competent for her to release her homestead and convey her interest in the premises. Having done this, it was error in the court to dismiss the cross-bill.

The decree is reversed and the cause remanded.

*Decree reversed.*