ELIZABETH BRYAN

*v.*

EDWARD A. HOWLAND.

*Filed at Ottawa May 14, 1881.*

1. TRUST—*whether a trust is created.* The mere expression of the motive for a gift or grant is not sufficient to establish a trust. Thus, a grant to A to enable him to maintain his children, or an absolute gift to him that he may support himself and children, will create no trust.

2. SAME—*and herein, of a vested equitable estate for life.* A conveyance of land to A, to have and to hold the same, unto the said A, his heirs and assigns, for the uses and trusts, that is to say, in trust, etc., for the separate benefit of B, and to permit B to "use, occupy, possess, enjoy, improve, rent and build upon" the same, "in any manner he may deem best for the support, maintenance and benefit of himself and his children, during his natural life," containing no words to restrain alienation or exclude the rights of creditors of B, passes to B a vested equitable estate for life. The words "for the support, maintenance and benefit of himself and his children," do not create a trust in favor of the children,—they but express the motive prompting the gift.

3. MORTGAGE—*equitable estate is subject to being mortgaged.* A vested equitable life estate is such an interest in land as will pass by a mortgage of the same, and where such estate is conveyed or incumbered by the *cestui que trust* without the concurrence of the trustee holding the legal title, it will become the duty of the trustee to recognize the rights of the grantee or mortgagee.

40—98 ILL.

But the purchaser under such a mortgage will take only such rights as the mortgagor had—a life estate.

4. CHANCERY—*relief not prayed.* A court of equity can grant no relief beyond the material allegations of the bill. Thus, on a bill to enjoin the sale of land under a power in a mortgage, on the ground that the mortgagor had no such interest as was capable of passing by mortgage, which failed to show any homestead interest, it was *held* error to enter a decree assuming to protect a homestead interest in the complainants.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of La Salle county; the Hon. GEORGE W. STIPP, Judge, presiding.

This was a bill by Edward A. Howland, a son of Henry Allen Howland, to enjoin a sale under a power in a mortgage given by Henry Allen Howland. The mortgage was given to Elizabeth Bryan, with power of sale in the sheriff of La Salle county.

Mr. E. F. BULL, for the appellant:

Any interest which is liable to sale on execution is the subject of mortgage. A mere naked possession can be sold on execution. *Thomas* v. *Bowman,* 29 Ill. 428; *Turner* v. *Saunders,* 4 Scam. 532; *Ferguson* v. *Miles,* 3 Gilm. 358; *Switzer* v. *Skiles,* id. 532; *Donaldson* v. *Holmes,* 23 Ill. 85; *Hosmer* v. *Carter,* 68 id. 98; *Lanfair* v. *Lanfair,* 18 Pick. 304; *Curtis* v. *Root,* 20 Ill. 522; 1 Pow. on Mort. 17, 18.

Messrs. BUSHNELL & DRUITT, for the appellee:

Henry A. Howland had no interest, except that of a life interest, in the use of the mortgaged premises, as, at the death of the trustee, Allen H. Howland, all right of control, and especially of alienation, became vested in the circuit court of LaSalle county, by the terms of the deed creating the trust.

A sale under the mortgage would cast a cloud upon the claim of the minor heirs, and endanger their peaceable possession as a homestead. The jurisdiction by injunction to

prevent a cloud upon title, is closely analogous to the well settled jurisdiction of courts of chancery for the removal of cloud upon title; and the reasoning which supports the jurisdiction in the latter case, would seem to apply with equal if not greater force in the former. It seems, therefore, to follow, as a necessary consequence, that if the aid of equity may be invoked to remove a cloud upon title to realty, it may, with equal propriety, be exerted to enjoin such illegal acts as will necessarily result in a clouded title. High on Injunctions, p. 155, sec. 269; *Pettit* v. *Shepherd*, 5 Paige, 493; *Christie* v. *Hale*, 46 Ill. 117; *Oakley Trustees, etc.* 6 Paige, 262.

And it may be asserted, as a general proposition, that a sale of lands under execution which would confer no title upon the purchaser, and the only effect of which would be to cloud the title of others, will be enjoined. High on Injunc. p. 155, sec. 269; *Bank of United States* v. *Schultz*, 2 Ohio, 471; *Norton* v. *Beaver*, 5 id. 178; *Christie* v. *Hale*, 46 Ill. 117; *Key* v. *Munsell*, 19 Iowa, 305; *Pixley* v. *Huggins*, 15 Cal. 127.

Again, it is not necessary that the sale should divest complainant of his title to warrant equity in interfering. It is sufficient that it simply operates to cloud his title, and the fact that levy was only made upon the "right, title and interest" of complainant in the injunction suit, will not avail against granting the injunction. *Key* v. *Munsell*, 19 Iowa, 305.

A court of equity is not bound at all times to enforce a strict legal right, but will protect the equitable title when good conscience requires. *Lewis* v. *Lyons*, 13 Ill. 117.

Under a prayer for general relief, a court of chancery may decree that which is not specifically prayed for, and grant more than is asked. *Isaacs* v. *Steel*, 3 Scam. 97.

The legal title to the estate being in the trustee, the *cestui que trust*, having at best only an equitable interest therein, can not convey or incumber the legal estate without the

concurrence of the trustee. This concurrence was never obtained, and the *cestui que trust* is only entitled to a concurrence where the whole subject of the trust belongs to him. Tiffany & Bullard on Law of Trusts, 816; Hill on Trustees, 278.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Bill was filed by Edward A. Howland, an infant, by his next friend, against Elizabeth Bryan and Rufus C. Stevens, praying that they be enjoined from selling or attempting to sell, or in any way incumbering, certain real estate therein described, pursuant to the terms of a pretended deed of mortgage. Demurrer was interposed to the bill in the circuit court, but that court overruled the same, and the defendants electing to abide by their demurrer, and refusing to answer over, the court decreed in conformity with the prayer of the bill.

Whether that ruling can be sustained, depends upon the interest of the mortgagor in the property. The mortgagor was Henry Allen Howland, and his interest in the property was derived by deed executed on the 22d day of March, 1860, by Theodore N. Morrison and wife to Allen H. Howland, the *tenendum* whereof is as follows:

" To have and to hold the said described tracts, pieces, parcels and lots of land and premises, with the appurtenances, unto the said Allen H. Howland, his heirs and assigns, for the uses, purposes and trusts hereinafter mentioned and declared,—that is to say : in trust and confidence, and for the separate benefit of Henry Allen Howland, son of the said Allen H. Howland, and to permit the said Henry Allen Howland to use, occupy, possess, enjoy, improve, rent and build upon the said tracts or lots of land, in any manner he may deem best for the support, maintenance and benefit of himself and his children, during his natural life; also, upon the further trust and confidence, to make, execute, acknowl-

edge and deliver any deed or deeds, instrument or instruments, whereby to grant, convey and release unto any such person or persons as the said Henry Allen Howland shall, at any time (within six months next prior to his decease), by writing, under his hand and seal, duly acknowledged as his last will and testament, direct, order and appoint, the whole or any part of said premises or tracts of land, either in fee simple absolute, or upon such trusts and purposes as charged or chargeable, in such manner and subject to such powers, conditions, provisos, instructions, limitations, declarations and agreements as the — Henry Allen Howland shall, in manner aforesaid, direct, order and appoint; and in default of such direction, limitation and appointment as hereinbefore granted to the said Henry Allen Howland during his life, then in trust to make, execute, acknowledge and deliver any deed or deeds of conveyance, whereby to grant, release and convey the said land, tracts, pieces and lots of land and tenements to the lawful children of the said Henry Allen Howland, as tenants in common, in fee simple absolute, and in default of such children living, then to the lawful heirs of the said Henry Allen Howland, in manner last aforesaid."

. Is the use of Henry Allen Howland, here secured, during his natural life, for himself, exclusively, so that he alone has a vested interest in it,—or is it charged with a trust in behalf of his children? It will be observed that the use is given to him, absolutely and unqualifiedly. He is to "use, occupy, possess, enjoy, improve, rent and build upon the said tracts or lots of land, in any manner he may deem best." Stopping here, it would be difficult to employ language more comprehensive to express the idea of the right of an unrestricted and exclusive use, occupation, possession and enjoyment. Does what follows materially modify the meaning of this? It shows that this use, occupation, possession and enjoyment, etc., is to be in the "manner he may deem best for the support, maintenance and benefit of himself and children." But there is no language providing that the use, occu-

pation, possession and enjoyment, etc., shall be so devoted, nor is there expressed even a request or wish to that effect. Undoubtedly the motive in vesting the property thus, was to furnish means to aid Henry Allen Howland in supporting and maintaining himself and children. But although the courts have gone to great lengths in holding language expressive of a wish or request sufficient to establish a trust, it has never been held that the mere expression of the motive for a grant, etc., is sufficient to establish a trust. Perry, in his work on Trusts, says, § 119: "But no trust is implied where the words simply state the motive leading to the gift, as, where the gift is to a person to enable him to 'maintain the children,' or an absolute gift is made, and the motive stated 'that he may support himself and children.'" *Benson* v. *Whitman,* 5 Sim. 22, (6 Eng. Ch. 300); *Thorpe* v. *Owen,* 2 Hare, 607, (24 Eng. Ch. 608.)

The grant is of an equitable estate, for life, in the lands described in the will. 3 Washb. on Real Prop. (3d ed.) 450, sec. 30; Jarman on Wills, (5 Am. from 4th London ed.—notes by Randolph & Talcott,) vol. 3, 34 n, and 434; *Andrews* v. *Boyd,* 5 Me. 199; *Butterfield* v. *Haskins,* 33 id. 392; *Earl* v. *Rowe,* 35 id. 414; *Stone* v. *North,* 45 id. 265; *Thompson, Exr.* v. *Schenck,* 16 id. 194; *Rumsey* v. *Durham,* 5 id. 71; *Golden* v. *Littlejohn,* 30 Wis. 344; *Mandlebaum* v. *McDonnell,* 29 Mich. 78.

It can not be held that there is anything in the language employed by the grantor to restrain alienation or exclude the rights of creditors, as respects Henry Allen Howland's interest in the property. The rule is: "When an equitable interest is once vested in the *cestui que trust,* he may dispose of it, or it may pass to his assignees by operation of law, if he becomes a bankrupt." Perry on Trusts, § 386. And there is no provision that title shall become forfeited upon alienation.

Treating the interest, during the life of Henry Allen Howland, as an equitable estate in him for life, then, was it such

an interest as would pass by a mortgage of real estate? And of this we entertain no doubt.

In *Curtis* v. *Root*, 20 Ill. 522, this court held that an agreement to convey conferred such an interest as could be mortgaged, and it was said: "The doctrine is understood to be, that everything which may be considered as property, whether in the technical language of the law denominated real or personal property, may be the subject of mortgage, as, advowsons, rectories and tithes. Reversions and remainders, being capable of grant from man to man, and possibilities also being assignable, are mortgageable, a mortgage of them being only a conditional assignment. Rents, also, and franchises, may be the subject of mortgage." 1 Jones on Mortgages, §§ 136, 162; *Hosmer* v. *Carter*, 68 Ill. 98; *Lanfair* v. *Lanfair*, 18 Pick. 304.

But it is contended, the legal estate being in the trustee, the *cestui que trust* could not convey or incumber it without the concurrence of the trustee. Very true, but he could convey or incumber his equity, and it would then be the duty of the trustee to recognize the rights of his grantee.

The purchaser at any sale under this mortgage would acquire only the rights which Henry Allen Howland had, and the interest of Howland's heirs at law would in nowise be affected by the purchase. What rights they derived under and by virtue of the deed of Allen H. Howland, they will continue to have.

The decree, also, in assuming to protect a homestead interest in behalf of the children of Henry Allen Howland in the property, is erroneous. No such interest is alleged in the bill, and there can be no relief beyond the material allegations of the bill. *Morgan* v. *Smith et al.* 11 Ill. 194; *Kellogg* v. *Moore*, 97 id. 282.

The decree of the court below is reversed, and the cause remanded, with directions to that court to sustain the demurrer and dismiss the bill.

*Decree reversed.*