## O'Donnell & Duer Bavarian Brewing Co. v. Leander C. Farrar et al.

1. Rescission of Contracts—*For Fraud.*—A contract, induced by substantial fraud, without which it would not have been made, can not be enforced against the party thus misled, whether it was concerted by the principal or adopted by him.

2. Decree—*Must Follow the Bill.*—A decree can only be for such relief as the averments of the bill warrant.

**Bill to Rescind a Sale.**—Appeal from the Superior Court of Cook County; the Hon. Theodore Brentano, Judge, presiding. Heard in this court at the October term, 1895. Reversed in part and affirmed in part. Opinion filed February 11, 1896.

Lackner & Butz, attorneys for appellant.

WM. R. BURLEIGH, attorney for appellees.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

In June, 1894, the appellees bought from the appellant the contents of a " saloon " for the sum of $1,100, of which $400, as well as $100 for one month's rent was paid in cash, and the appellees gave their judgment notes, secured by chattel mortgage, for the other $700.

They went into the saloon business, lost money, and filed this bill to rescind for fraud.

The negotiations for the purchase began by the appellee Leander, calling upon the appellant in response to a newspaper advertisement as follows :

" For sale or trade for real estate or any good security of any kind, one of the best corner saloons on the North Side, open, and doing a good business; elegant fixtures. Call on the O'Donnell & Duer Bavarian Brewing Co., corner of 40th and Wallace streets."

The appellant told him to go to the party then in the saloon; and while there is a little uncertainty as to the directions which the appellant gave, yet it is apparent that the intention of all parties was that information should be obtained from that party, material to the question whether the appellees should buy the saloon. That party was indebted to the appellant a little more than the price at which the appellees bought, and as it is a fair inference that such price went to pay that indebtedness, there was something of an inducement to that party to facilitate the sale to the appellees.

That party did in fact represent to the appellee Leander, that the business of the saloon was more than double the true amount. For that misrepresentation, the appellant must be held responsible.

The argument applicable to such circumstances is elaborated in Fitzsimmons v. Joslin, 21 Vt. 129, and we refer to that without repeating.

On the whole evidence, it is clear that the misrepresenta-

Chicago City Ry. Co. v. Dinsmore.

tion was the principal inducement to the purchase—a misrepresentation which was but making more specific the untruth presented by the advertisement.

The appellees within a month offered to rescind, but the appellant refused.

August 8, 1894, appellant entered judgment upon the notes, and October 13, 1894, took possession of the saloon under the chattel mortgage.

The appellees had continued in the saloon, apparently struggling with adverse fortune, until the end of September, 1894, when they abandoned it.

The decree of the court not only awarded the rescission which the bill prayed, but directed the appellant to release an account which it claimed against the appellees, but of which there is no mention in the bill, though the appellant did seek in its answer to use it as a set-off.

This part of the decree is erroneous.   Morgan v. Smith, 11 Ill. 194.

That the decree can only be for such relief as the averments of the bill warrant, has been always rigidly adhered to in this State.

So much of the decree as relates to that account is therefore reversed, and the residue is affirmed, but without costs to either party.   Sec. 18–24, Costs.

Reversed in part and affirmed in part.