## Patrick Geraghty et al. v. Roger R. Organ.

1. EQUITY PRACTICE—*Allegations and Proofs.*—In equity practice the allegations and proofs must correspond. A party will not be entitled to relief although the evidence may establish a clear case in his favor, unless there are averments in his bill to support the case made by the evidence.

2. VARIANCES—*The Rule in Equity.*—In equity a variance between the pleadings and proofs need not be specifically pointed out in the court below in the first instance, in order to raise the question in the Appellate Court. The rule in equity in this respect is different from what it is at law.

**Mechanic's Lien.**—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded. Opinion filed December 14, 1896.

ARND & ARND, attorneys for appellants.

THOMAS J. O'HARE, attorney for appellee; MICHAEL J. AGNEW, of counsel.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The appellee filed his petition to enforce a mechanic's lien against the premises of the appellant, for a balance claimed to be due him under a contract for the construction of a building.

It is contended by appellants that there was such a parol variation between the contract alleged to have been entered into between the parties, and to have been performed by the appellee, and the proofs, as to require a reversal of the decree that appellee obtained.

The petition alleged the making of a contract in writing, between the appellee, as petitioner, and the appellant Patrick Geraghty, and averred that immediately after the making of the contract, he, the appellee, commenced work under the same, and, in compliance therewith, furnished all

the material and labor for the completion of the contract, " and did in all respects comply with the terms of said contract and specifications and drawings therein referred to."

The written contract, and the plans and specifications, were offered in evidence. The contract, not including the plans and specifications, was as follows:

" CHICAGO, ILL., May 8, 1894.

This is to certify that Roger R. Organ, mason and general contractor, is to build a Bld. at 4620 Cottage Grove Ave., for the sum of ($6,000) six thousand dollars, everything complete, according to the plans and specifications, except mantels and furnaces. Stone front.

ROGER R. ORGAN,<br>
PATRICK GERAGHTY,<br>
J. DeMARIA."

It is not necessary to refer to the contents of the specifications, or to the drawings of the plans, further than to say that in several particulars, admitted by the appellee, there were substantial changes and omissions in them, made by oral agreement between the owner and the contractor, after they were prepared, and either before the contract was signed, or during the progress of the work.

As nearly as we can understand, from what does not seem to be a very intelligently connected statement by the appellee himself, these oral changes came to be made under the following circumstances:

The appellant, having in contemplation the erection of a building on the lot in question, had his attention directed to a building in another part of the city as one that would be desirable to duplicate on his lot, and he was pleased with it, except that it was some six feet less in depth than he wished his to be. The plans and specifications were, accordingly, prepared, and appellee made a bid to put up the building in accordance with them, for $7,000. The appellant was not able, or willing, to pay so much, but offered to pay $6,000. And it was then agreed by the parties to substitute rubble stone for dimension stone in the foundation, to omit plastering the basement and to change the

sizes of the roof and ceiling joists, besides other less material matters; and then the contract was signed for the price of $6,000, but without making any change in the specifications.

Afterward, and during the progress of the work, other less important variations were agreed to orally, and made in the construction, particularly of chimneys, etc.

The appellee should have amended his petition when the proof of these changes was made, if he wished to avoid the objection to his decree that has been interposed.

It has been a long established rule in equity practice, that the allegations and proofs must correspond, and that a party will not be entitled to relief, although the evidence may establish a clear case in his favor, unless there are averments in the bill to support the case made by the evidence. Morgan v. Smith, 11 Ill. 194.

The allegation is specific, that appellee performed according to the terms of the "contract and specifications and drawings."

Appellee's own testimony shows clearly that he did not so perform, but that, on the contrary, he performed under a verbal agreement with the appellant, or under an agreement partly in writing and partly oral.

But appellee insists that the variance was not specifically pointed out in the court below. We need not look to see whether it was or not. The rule is different in equity from what it is at law in that respect.

We will not discuss the other reasons, either in favor of or against a reversal of the decree. The one question we have dealt with appears to be the only important one, or at least the only one for which a remedy by amendment will not readily suggest itself.

The decree must be reversed and the cause remanded, when the appellee may amend if he so elects, and have a hearing upon a petition that will be supported by the evidence.

Reversed and remanded.