## Katherine Nietert et al., Appellees, v. Adela Blank et al., Appellants.

1. Equity, § 185*—*what is office of cross-bill.* The office of a cross-bill is to put the court in a position to grant affirmative relief in regard to the matters germane to the subject-matter of the original bill which could not be granted on the original bill and answer.

2. Equity, § 479*—*how decree should be based.* A decree in chancery is to be based not only on the bill but on the answer and all the pleadings in the case and should properly respond to these as a whole.

3. Equity, § 190*—*when cross-bill improper.* Where a defendant in a suit in chancery can make his answer sufficient to protect all his rights in the suit, he will not be allowed to usurp the functions of the bill by the use of a cross-bill.

4. Equity, § 189*—*when use of cross-bill proper.* A cross-bill is a mode of defense, and is the proper method of bringing to the attention of the court the necessity of affording defendant relief concerning the subject-matter of the litigation different from that sought by the complainants, or where the defense desires a discovery, or where facts occurring subsequently to the filing of the answer are material to the defense.

5. Appeal and error, § 1258*—*when defendants may not complain of decree allowing costs out of complainants' share in partition action.* In a suit in chancery for partition of an estate devised to seven children of testator, where four are complainants and three are defendants, the fact that in a decree granting the prayer of the bill a solicitor's fee was allowed to a trustee under deeds of trust made by the complainants, which is also joined as defendant, but does not appeal, such fee to be paid out of the shares of the complainants, is not a matter affecting the rights of defendants on their appeal, of which they can complain.

6. Partition—*when informalities in decree will not work a reversal.* Informalities in a decree of partition which are not of a serious nature will not work a reversal where equity and the best interests of parties demand an affirmance.

Appeal from the City Court of East St. Louis; the Hon. W. M. Vandeventer, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 17, 1916. Rehearing denied May 25, 1916.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

T. M. WEBB and W. E. KNOWLES, for appellants.

KEEFE & SULLIVAN, for appellees.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

Henry Ziegenhein was the owner of a large business block in East St. Louis, Illinois. He died March 17, 1910, intestate, leaving as his only heirs at law, Katherine Nietert, Anna L. Walker, Emma Z. Jostes, Clara DeHaan and Adela Blank, his daughters, and two sons, Henry Ziegenhein and Fred W. Ziegenhein. The four sisters first above mentioned filed a bill to the March term, 1914, of the City Court of East St. Louis, to partition the property, making the other sister, two brothers, the Illinois State Trust Company, Harry G. Redmon, a tenant, and certain other tenants or subtenants, defendants to the bill. Adela Blank, Henry Ziegenhein and Fred W. Ziegenhein, the three heirs at law who are made defendants, answered the bill and also filed a cross-bill, making the complainants in the original bill, the Illinois Trust Company Bank, the tenants and subtenants, who were defendants in the original bill and certain other subtenants, parties defendant thereto. After the filing of the cross-bill, the case was referred to the master in chancery to take the proof and report his conclusions. A day was set in vacation after the March and prior to the May term of court and the master in chancery took the testimony of a number of witnesses, continuing to do so until the 12th day of May. The May term convened on May 10th and an order was then entered setting aside the order of reference and a rule entered against defendants in the cross-bill to answer. On May 15th, an order of default was entered against those not answering and the case again referred, and it was ordered that all testimony theretofore taken should stand as far as applicable and that the master report his conclusions

and recommend a decree.   In the original bill it was charged that all the heirs had deeded their interests to the Illinois State Trust Company as trustee; that the same was done only that the Trust Company should act as their financial agent and that the conveyance did not give the Trust Company title by purchase but only constituted an agency.  Complainants in the cross-bill, in answering the original bill, denied they had so deeded their interests in trust, but alleged that Clara DeHaan had deeded her interest to said Trust Company and that it had delivered to her a declaration of trust setting out the purpose of such conveyance and stating it was to have one per cent. of the amount received from said property as compensation; that at any time the trust should be terminated at her request; that Katherine Nietert, Anna L. Walker and Emma Z. Jostes had made similar deeds of trust except that in their deeds the trustee was to receive two per cent. of the amount collected as compensation.  The same matters were set out in the cross-bill, and said bill further alleged that the trusteeship of the Clara DeHaan interest could only be terminated upon the written consent of the Illinois State Trust Company Bank, also that if the trustee had to bring legal proceedings, it should have reasonable compensation for its attorney. The cross-bill continuing stated, none of the parties holding such declarations of trust had filed a request to have the same terminated, and that to sell the property while said trusteeship existed would decrease the rights and interests of the cross-complainants therein. The cross-bill also named as defendants other parties having interests in the premises as tenants, who were not made defendants to the original bill.   The master in chancery in his report found that the declarations of trust above referred to were delivered up for cancellation on April 23, 1915, and that afterwards on May 6, 1915, the same were canceled by the Illinois State Trust Company and that said Trust Company had no

interest in the property; that said declaration of trust provided for a reasonable solicitor's fee in case of the trustee being made a party to any proceedings in court and that it should be allowed two hundred and fifty dollars for such fee, to be paid out of the shares of those who held declarations of trust. He also found that those who were named as defendants in the cross-bill, who were not made parties to the original bill, were sublessees under Harry G. Redmon, who was a defendant to the original bill. Objections were filed to the report before the master and, upon being overruled, were filed as exceptions before the court. The court overruled the exceptions and entered a decree of partition following the findings of the master, and sustaining his report. It also determined the rights of Harry G. Redmon as lessee, found that certain persons were sublessees under him, that the property belonged to the said seven heirs at law subject to said leases and granted partition and appointed commissioners to make the same. Appellants claim that the court erred in granting relief on the prayer of the original bill instead of on the cross-bill, insisting that it was only under the allegations of the latter that the decree could be supported.

The office of a cross-bill is to put the court in position to grant affirmative relief in regard to the matters germane to the subject-matter of the original bill that could not be granted on the original bill and answer, for it is to be remembered that a decree is not based on the bill alone but also on the answer and all the pleadings in the case. The decree should properly respond to these as a whole. Where the answer can be made sufficient to protect all of a defendant's rights in the suit, he should not be permitted to usurp the functions of the original bill by the use of a cross-bill. The complainants in the cross-bill in this suit asked for partition of the premises in question as did the complainants in the original bill. It is said in *Roby*

*v. South Park Com'rs,* 252 Ill. 575: "A cross-bill is a mode of defense. Where it is necessary for a defendant to have relief concerning the subject-matter of the litigation different from that sought by the complainants, where it is necessary to the defense to obtain some discovery or where facts occurring subsequently to the filing of an answer are material to the defense, a cross-bill is the proper method of bringing these matters to the attention of the court. It is only where complete justice cannot be done on the original bill and answer that a cross-bill is proper. If the same matter is equally available by way of answer the cross-bill is unnecessary." In *Newberry v. Blatchford,* 106 Ill. 584, where the Attorney General filed a cross-bill asking substantially the same relief as the original bill, the court said: "The cross-bill in this case was for no purpose the law permits such a bill to be used. No discovery was sought and no relief was asked that was not attainable, if at all, on his answer. This is stating no new rule of practice. It was decided by this court, as long ago as in *Morgan v. Smith,* 11 Ill. 194, a defendant will not be permitted to file a cross-bill when his rights are fully disclosed in his answer in response to the allegations of the bill, and might be fully protected by the court on the hearing of the original bill, and the cross-bill of defendant was held to have been properly stricken out of the record, because it was in violation of proper practice. * * * It is not understood the practice in chancery will permit a defendant to file a cross-bill praying the same thing may be done as is sought to be accomplished by the original bill." Our Supreme Court held it to be the undoubted rule in *Howe v. South Park Com'rs,* 119 Ill. 101: "That on a bill for partition, where the defendants claim the same relief for themselves as is sought by the original bill, no cross-bill is necessary. Whatever relief the defendants may be entitled to, against the complainants, in a

bill for partition, may be obtained by them on answer.''

We find on examination of the cross-bill that it asked for no relief which could not have been obtained under the original bill and answer thereto. It was substantially the same as the original bill except the complainants therein prayed that certain deeds of conveyance to and declarations of trust by the Illinois State Trust Company, trustee, and the Illinois State Bank, be declared a burden and cloud on the interests of the cross-complainants in said premises and that in case of a sale of said property, such interest be ascertained and that the declarations of trust be delivered up and canceled; and also made certain persons defendant, who were subtenants of Harry G. Redmon, who was a lessee. It appeared from the proofs that the Illinois State Trust Company (Bank) was formerly the Illinois State Bank, and that this institution had released all of the interest which it is alleged to have acquired in the premises in question before there was any reference of the cause to the master in chancery, but even if this release had not been made, the heirs who executed the trust deed were parties to the original bill, and whatever order was necessary to define their rights or those of the trustee could properly be made under the original bill and the answer thereto. It also appeared that Redmon, who had the lease on the premises, answered the original bill; that the others entered their appearance and that Redmon paid rent for the entire building occupied by them, and his rights were fully defined and protected in the decree. The fact that a solicitor's fee was allowed the Trust Company out of the shares of the original complainants who had constituted the trust does not affect the rights of appellants here, and they cannot be heard to complain. There were some informalities in the decree of partition, but they were not of such a serious nature as to call for a reversal of the decree, and we are of opinion

that equity and the best interests of those interested in the property demand that the decree of partition be affirmed.

*Decree affirmed.*