Hugh A. Binns

*v.*

David H. LaForge *et al.*

*Opinion filed October 24, 1901.*

1. TRUSTS—*trustees cannot delegate active trust.* Executors who, under the will, hold in trust the real and personal property given to a beneficiary, being required to retain the possession, control and management of the estate, have no power, after accepting the trust and taking possession of the property, to delegate the trust and convey the subject matter thereof to the *cestui que trust*, and any attempt to do so is null and void.

2. SAME—*statute does not prevent assignment of trust fund created by third party.* Section 49 of the Chancery act does not prohibit voluntary alienation by the *cestui que trust*, and in the absence of any restriction in the will creating the trust the *cestui que trust* may, in equity, assign the income, or part of it, as security for a debt owed by her.

3. CREDITOR'S BILL—*when trust fund held for benefit of debtor cannot be reached.* Under section 49 of the Chancery act, a trust fund, created in good faith by the will of a third person and held by trustees under the will, which will provides for payment of the income of the fund to the beneficiary debtor during life, cannot be reached by creditor's bill.

4. PRACTICE—*when guardian ad litem is properly appointed.* Minor defendants to a suit involving a trust fund, in which they are interested as owners of the body of the estate, are entitled to the protection of a *guardian ad litem* and to have him paid out of the funds in the hands of the trustees.

5. SAME—*when priority in filing cross-bill does not secure a preference.* Where a trust fund and all parties interested, including judgment creditors, are brought into court by the original bill filed by the trustees, no one judgment creditor can obtain any preference over the others by being the first to file a cross-bill.

APPEAL from the Circuit Court of Logan county; the Hon. JOHN H. MOFFETT, Judge, presiding.

Garrett M. LaForge died in 1891 leaving a last will and testament, which, in part, is as follows:

"*First*—It is my will that all my debts shall be fully paid by my executors, and all notes and accounts or

choses in action, of any and all kinds, shall be collected by them as soon after my decease as practicable. They shall also divide my real estate among my heirs, such as can be satisfactorily divided, and sell the balance, and to make, execute and deliver to the purchaser or purchasers thereof good and sufficient deeds of conveyance.

"*Fourth*—I give and bequeath to Kate A. Sharp, David H. LaForge and Gertrude M. Talbott nine thousand six hundred dollars ($9600), to be divided equally among them, in addition to the following bequest: I give, devise and bequeath to the heirs of M. R. LaForge, deceased, one-eighth ($\frac{1}{8}$) of my net estate, less the indebtedness of M. R. LaForge to me, to be divided as follows: One-half to Catherine A. LaForge, his widow, and the balance to be equally divided among his children.

"*Fifth*—To my daughter Emily and her children, Harry C. Thompson, Jennie Cutler and Garrett W. Thompson, and to Kate A. Sharp and David H. LaForge and Gertrude Talbott, the remaining seven-eighths ($\frac{7}{8}$) of my estate, to be divided equally, share and share alike, and any indebtedness any of them owe me or my estate shall apply in part payment of their respective shares.

"*Seventh*—My executors are hereby directed and authorized to loan upon or invest in real estate all the share or interest of said Gertrude Talbott under this my will, and pay to her yearly the income of said investment during her life, and at her death to be paid to her child or children, if any survive her. If she dies having no child or children, then the same shall be paid in equal parts to her surviving brother and sister.   *   *   *

"I hereby nominate and appoint David H. LaForge and Harry C. Thompson executors of this my last will and testament, in whom having implicit confidence, it is my wish and order that they shall not be required to give bond. And my executors shall have full power and authority to collect all debts due me, and to execute all necessary receipts, releases and acquittances of any mort-

gage or other debts due me; and for the purpose of selling my real estate, or any part thereof, they are hereby vested with and shall have full power and authority to make, execute and deliver deed or deeds of conveyance to the purchaser or purchasers, or to any person or persons entitled to the same under this my last will."

Said will was duly admitted to probate, and David H. LaForge and Harry C. Thompson, the executors therein named, duly qualified.

David H. LaForge, Kate A. Sharp and Gertrude M. Talbott are the children of M. R. LaForge, deceased, a son of Garrett M. LaForge, deceased, who died prior to the time of the death of his father.

In January, 1892, Gertrude M. Talbott and Benjamin S. Talbott executed and delivered the following request in writing to the executors of said estate:

"To David H. LaForge and Harry C. Thompson, executors of the last will and testament of Garrett M. LaForge, deceased, and trustees under said will:

"The undersigned, Gertrude M. Talbott and Benjamin S. Talbott, her husband, of the county of Logan and State of Illinois, (the said Gertrude M. Talbott mentioned in said last will and testament,) would respectfully request that the principal sum to be invested for the benefit of her, the said Gertrude M. Talbott, during the period of her natural life, and after her death to her child or children, as provided in and by said will, be invested in the purchase of the south-east quarter (S. E. $\frac{1}{4}$) of section nineteen (19), township twenty (20), north, range four (4), west of the third (3d) P. M., in the county of Logan and State of Illinois, at the purchase price and sum of twelve thousand dollars ($12,000), which said sum is the fair cash market value of said land and the said land is fully worth the same; that the undersigned resided upon said land and know its producing powers and value, and know that in no other way could said money be so satisfactorily invested for the best interests of all persons now or at

any future time interested in said matter; that in making said investment at the request of the undersigned, they agree and bind themselves to hold the said trustees and executors free and harmless and clear from all trouble, fault-finding, loss, litigation and expenses of every nature, kind and character in the future that could in any manner arise by reason of making of said investment as herein requested, and expressly covenant and agree to pay all taxes and assessments that may be at any future time levied upon the said land or any part thereof, and keep the buildings thereon insured at about the value thereof in a good, solvent insurance company, and to keep the buildings and fences in good repair, and to so conduct their financial business as to prevent the said lands from being encumbered in any way by mortgages, judgments or liens of any description, on account of the debts now or at any future time to be contracted by them, the undersigned, or either of them. And it is further expressly agreed and covenanted and stipulated that in the event of the undersigned, Gertrude Talbott, failing or neglecting to pay said taxes and assessments levied or to be levied upon the said land, or any part thereof, during her natural life, or allowing or creating any liens upon the same, or any part thereof, then in that event the life estate of the said Gertrude M. Talbott in and to said land shall immediately cease and become terminated, and the said land, and the title thereto, shall revert and rest in said trustees, to-wit, the said David H. LaForge and Harry C. Thompson, and they shall be entitled to the immediate possession of the same, and shall have the right to rent said lands and collect the rents thereof, and apply the same to the payment of all valid liens or encumbrances upon and against said lands, and to the necessary repairs of the fences and buildings thereon, and the insurance of said buildings, and to retain out of all of said moneys coming to their hands the same commissions that are allowed administrators out of personal

property under the statute law of the State of Illinois, rendering the balance, if any, to the said Gertrude M. Talbott. In consideration of the making of said investment, as aforesaid, the said Gertrude M. Talbott hereby agrees to pay to said executors the sum of six per cent per annum on the said sum of twelve thousand dollars ($12,000) until the said amount of interest, at the rate of six per cent, aforesaid, shall, with the sum in the hands of the said executors and trustees so aforesaid to be invested for the use of the undersigned, Gertrude M. Talbott, under the provisions of the said last will and testament, amount to the said sum of twelve thousand dollars ($12,000)."

Thereupon the following deed was executed by said executors and delivered to Gertrude M. Talbott:

"David H. LaForge and Harry C. Thompson, executors of the last will and testament of Garrett M. LaForge, deceased, by virtue of the power vested in them by said last will and testament, and for the consideration of $12,-000 and the covenants, conditions and agreements hereinafter made a part thereof, this conveyance being made subject thereto, convey and quit-claim to Gertrude M. Talbott, of the county of Logan and State of Illinois, all interest, subject to the conditions and limitations hereinafter set forth, in the following described real estate: The south-east quarter (S. E. ¼) of section nineteen (19), township twenty (20), north, range four (4), west of the third (3d) P. M., Logan county, Illinois, for and during her natural life, and at her death to her child or children surviving her. But if the said grantee herein dies leaving no children her surviving, then in that event said real estate herein above mentioned and described, and the title thereto and all the interest therein, to revert to and vest in the said parties for the uses and purposes and trusts in said will and testament expressed. This deed is made expressly subject to all the conditions, provisions, agreements, covenants and stipulations con-

tained in the request and paper hereto attached, signed by said Gertrude M. Talbott and her husband, and which is expressly made a part hereof, and this conveyance is made and the title to said land vested in said second party by said first party, and the same received by her upon all said conditions, limitations, covenants, agreements and stipulations, and expressly subject thereto, and not otherwise. Said above described real estate being situated in the county of Logan and State of Illinois."

Shortly afterwards, upon a similar request in writing signed by Gertrude M. Talbott and her husband, David H. LaForge and Harry C. Thompson, as executors, conveyed another one hundred and sixty acres of land which they had purchased, and six lots in the village of New Holland, to said Gertrude M. Talbott, in consideration of $9600. The deeds conveying said premises contained similar provisions to those contained in the deed hereinbefore set out in full. Gertrude M. Talbott built a dwelling house costing about $2000 on said lots, the total cost of the house and lots being $3000.

After the execution of these deeds Gertrude M. Talbott took possession of said lands and leased the same. On October 21, 1898, she leased the south-east quarter of section 19, township 20, north, range 4, west of the third principal meridian, to Samuel G. Baughan, from March 1, 1899, to March 1, 1900, and on November 30, 1898, she assigned said lease to James Ryan to secure the sum of $631.05 due him by her, which was evidenced by a promissory note bearing date November 30, 1898.

On June 10, 1899, appellant, Hugh A. Binns, recovered a judgment in the circuit court of Logan county, Illinois, for $1000 against Gertrude M. Talbott and Benjamin S. Talbott, her husband, upon which execution was issued and returned "no property found." After June 14, 1899, judgments were confessed against Gertrude M. Talbott and Benjamin S. Talbott, in amounts aggregating the sum of $12,000. On the 16th day of June, 1899, Gertrude

M. Talbott and her husband re-conveyed to David H. La-Forge and Harry C. Thompson, executors of the last will and testament of Garrett M. LaForge, deceased, all the lands and lots theretofore conveyed to them by said executors. David H. LaForge and Harry C. Thompson, as executors, upon receipt of said conveyance immediately took possession of the lands and commenced renting the same and receiving the rents. Gertrude M. Talbott remained in possession of the residence in New Holland.

At the September term, 1899, of the circuit court of Logan county, a bill in chancery was filed by David H. LaForge and Harry C. Thompson, as executors of the last will and testament of Garrett M. LaForge, deceased, against Gertrude M. Talbott, Benjamin S. Talbott, James Ryan and the various judgment creditors of Gertrude M. Talbott and Benjamin S. Talbott, as parties defendant, setting up the proceedings as above stated, and praying that the rights of said complainants under the will of Garrett M. LaForge, deceased, and the said several conveyances, be determined, and that the liens of said judgments be removed as clouds upon their title. Afterward, by order of court, the bill was amended, making the children of Gertrude M. Talbott parties defendant. Answers were filed, and afterwards cross-bills were filed by appellant and two other judgment creditors, in the nature of creditors' bills. James Ryan also filed a cross-bill asking that the rents of the land covered by the lease assigned to him be applied in payment of his debt, to which cross-bill answers were filed, and upon a hearing the court entered a decree finding that the property set aside by the will of Garrett M. LaForge, deceased, for the benefit of Gertrude M. Talbott, was held in trust by the executors named in the said will; that said trust was an active and personal trust; that the trustees were clothed with discretionary power, which could only be exercised by them personally, under the provisions of said will; that in investing said estate in the real estate described in said

bill they were acting within the discretionary power in them vested by the terms of the will, and that they held the same as trustees, for the benefit of Gertrude M. Talbott and her children, under the limitations and restrictions imposed by the terms of the said will; that such trustees could not divest themselves of the personal responsibility attached to said trust by conveying said premises to Gertrude M. Talbott for life and thereby giving her the control and management thereof, and that the said request and deeds were null and void and of no force° and effect; that said Gertrude M. Talbott, under the terms created by said will, took no interest in the income arising from said estate until the same was produced and placed in the hands of said trustees; that said trust was created by Garrett M. LaForge to furnish Gertrude M. Talbott and her family with a support and maintenance; that the income from said trust estate, unless there was an excess above what is required to properly and reasonably support her and her family, was not liable to the claim of her creditors, whether on execution, by garnishment, or, in equity, upon creditor's bill; that the income now in the hands of the trustees is income that has been accumulated during the pendency of this suit and which Gertrude M. Talbott has been deprived of during that period; that the complainant, Ryan, in the cross-bill filed by him, must, as to the income held now in the hands of the trustees, be held to be an equitable assignee of Gertrude M. Talbott by her own voluntary act, and as such has a prior claim to all other creditors complainant in the various cross-bills herein, and decreed that $60 per month, as a reasonable sum for the support and maintenance of Gertrude M. Talbott and her family, be paid to her in person, in installments of $30, on the 1st and 15th of each month, commencing with February 1, 1901; that said income to the extent of $60 per month shall be held free from all claims upon the same, whether voluntary, by assignment, or involuntary, as by execution, garnish-

ment, creditor's bill or otherwise, and shall be paid to her in person, upon her individual receipt, and that out of the remainder of said income, after the payment of said $60 a month, said trustees first pay the taxes, insurance and repairs upon said property; secondly, the cost of this suit, including $50 as guardian *ad litem* fees; thirdly, the amount due James Ryan; and lastly, the residue, if any, *pro rata* to the various judgment creditors, complainants in said-cross bills,—from which decree the appellant has prosecuted an appeal to this court.

BLINN & HARRIS, for appellant.

ROBERT HUMPHREY, guardian *ad litem.*

BEACH & HODNETT, and KING & MILLER, for appellees David H. LaForge *et al.*

W. A. COVEY, (A. L. ANDERSON, of counsel,) for appellee James Ryan.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an appeal by the complainant in a cross-bill in the nature of a creditor's bill, seeking to apply in payment of a judgment against Gertrude M. Talbott and Benjamin S. Talbott, her husband, the income upon certain trust funds in the hands of the executors of Garrett M. LaForge, deceased, set aside for the benefit of said Gertrude M. Talbott by Garrett M. LaForge, her grandfather, in his will.

*First*—David H. LaForge and Harry C. Thompson, as executors, by virtue of the terms of the will of Garrett M. LaForge, deceased, hold in trust all of the property given to Gertrude M. Talbott by said will, whether the same is real or personal. The execution of the trust thus created requires that said executors, as trustees, retain the possession, control and management of said estate,

and the only interest Gertrude M. Talbott has in said estate is the right to receive from said trustees the yearly income thereof during her life.    The trust is an active one, and the trustees, after accepting the trust and taking possession of the property, had no power to delegate such trust, and the attempt to convey the subject matter thereof to Gertrude M. Talbott was void and of no effect. The case must therefore be considered the same as though said deeds had never been made.

In *Williams* v. *Evans*, 154 Ill. 98, Mrs. Williams conveyed her estate to trustees upon condition that they should pay her the income thereof during her life, and upon her death should use the body of the estate with which to purchase a site and erect thereon a church.    After the execution of the trust deed and the receipt of the estate the trustees surrendered the estate into the custody of Mrs. Williams.    On page 106 it is said: "Upon the execution and delivery of the trust instrument and the property therein described, by Mary Williams to the trustees, the rights of the parties became fixed, and the trustees, after accepting the trust, had no authority to deliver the possession of any of the property named in the trust instrument to Mrs. Williams, and the fact that they disregarded their duty in this regard did not affect the validity of the transaction as originally made.    If there was a complete delivery of the trust instrument, and the property therein described, to the trustees, as we think there was, the subsequent acts and declarations of Mrs. Williams and the trustees cannot defeat the trust."

*Second*—Can the income upon the trust fund, which the will provides shall be paid by the trustees to Gertrude M. Talbott during her life, be reached while in the hands of the trustees by her creditors by creditor's bill? We think not, as by statute (1 Starr & Cur. Stat. chap. 22, sec. 49,) trust property, "when such trust has, in good faith, been created by, or the fund so held in trust has proceeded from, some person other than the defendant

himself," is expressly excepted from property which may be reached by a creditor's bill. The trust fund in this case proceeded from Garrett M. LaForge, a person other than Gertrude M. Talbott, and falls within the letter and the spirit of this statute, and is protected. In *ReQua v. Graham,* 187 Ill. 67, it is said, trusts thus created "rest in a large part upon the distinct ground that a creditor is not defrauded, and·therefore has no cause of complaint, because the owner of property, in the free exercise of his will, so disposes of it that the object of his bounty, who parts with nothing in return, has a sufficient income provided for and applied to his life support."

The chancellor, in construing this statute, adopted the New York rule, which is based upon an express statute, and held only so much of the income from this trust estate exempt as may be necessary for the maintenance of the beneficiary, Gertrude M. Talbott, and her children who were dependent upon her for support. Whether or not such rule should be. engrafted upon our statute we need not now consider, as no cross-errors have been assigned, and such error, if any it is, was not prejudicial to appellant, and he cannot complain.

*Third*—The statute is not designed to protect the trust fund from the voluntary alienation of the *cestui que trust,* and there being no restriction in this will, there is no reason why Gertrude M. Talbott might not in equity assign said income, or a part thereof, to James Ryan, as security for a debt which she owed him. This is, in effect, all that was done by the assignment to him of said lease.

*Fourth*—The minor children of Gertrude M. Talbott were parties defendant to the original and cross-bills, and we think the court properly appointed a guardian *ad litem* to defend for them, and ordered him paid, as such guardian *ad litem,* out of the funds in the hands of the trustees. Said minors were interested in the subject matter of the suit, they being the owners of the body of the estate, subject to the right of their mother to re-

ceive the income therefrom during her life, and it was proper their interests therein should be protected by a guardian *ad litem.*

*Fifth*—The contention of the appellant that he is entitled to a preference over the other cross-complainants by reason of the fact that his cross-bill was filed first, is without force. The fund and all the parties interested, including the appellant and the other judgment creditors, were brought into court by the original bill. Under such circumstances no one judgment creditor, by cross-bill, could obtain any advantage over the other judgment creditors by reason of the fact that his cross-bill was the one, in point of time, which was first filed with the clerk.

Neither do we concur in the contention of appellant that the transactions between the trustees and Gertrude M. Talbott amounted to an equitable assignment of the future income of said trust estate for the benefit of her creditors. The language of the request, after stating that the title should revert to the trustees, is: "And they shall be entitled to the immediate possession of the same, and shall have the right to rent said lands and collect the rents thereof, and apply the same to the payment of all valid liens or encumbrances upon and against said lands, and to the necessary repair of the fences and buildings thereon, and the insurance of said buildings," etc. This provision was made for the protection and benefit of said trustees, and not for the benefit of the creditors of Gertrude M. Talbott, and such creditors can take no benefit by reason thereof.

We find no reversible error in this record. The decree of the circuit court will therefore be affirmed.

*Decree affirmed.*