CHARLES W. BENNETT

*v.*

MARY A. BENNETT *et al.*

*Opinion filed October 24, 1905.*

1. WILLS—*testator's intention should be ascertained from whole instrument.* The intention of the testator is to be ascertained from what is contained in the entire will, and when ascertained must be given effect unless it contravenes some established rule of law.

2. SAME—*whether trust is executed or executory is a matter of construction.* Whether a trust created by a will is executed or executory, and whether the estate is vested or contingent, are matters depending upon the proper interpretation and construction of the entire will.

3. TRUSTS—*provision against alienation is not essential to the creation of spendthrift trust.* While a provision against voluntary alienation of the trust fund is usual, yet it is not essential to the creation of a spendthrift trust; and the fact that a trustee is appointed and vested with the estate, and that the income only is to go to the *cestui que trust,* who is already past majority, indicates an intention to create a spendthrift trust.

4. SAME—*what may be considered in determining character of trust.* In determining whether a trust created by will is a spendthrift trust, the entire contents of the will and the condition of the parties as disclosed by the bill seeking construction of the will may be considered.

5. SAME—*when trust is a spendthrift trust.* A devise of a certain sum to a trustee to invest and pay the income semi-annually until the *cestui que trust* is forty years old, when he is to have the principal if the testator's wife is then living, otherwise the trust to continue ten years longer, although the *cestui que trust* was to have as his absolute property two-thirds of the residue of the testator's estate if the testator's widow was dead when the *cestui que trust* attained the age of forty years, creates a spendthrift trust.

6. SAME—*when legacy does not vest at testator's death.* Where a legacy is given to a trustee in trust for the legatee, with the express provision that it shall not become the absolute property of the legatee until a fixed time in the future, the fact that the amount of the legacy is at once segregated and invested at the death of the testator does not vest the title thereto in the legatee at the testator's death.

7. SAME—*application of rule in Shelly's case to bequest of personalty.* While, by analogy, the rule in *Shelly's case* is applied to gifts of personal property, yet the expressed intention of the testator must control in such case; and if the time when the legatee is to take the absolute title is clearly postponed by the testator to a future time for reasons personal to the legatee, the fact that the legacy is to go to his "heirs" in case of his death before that time does not operate to vest his interest.

8. SAME—*when refusal of trustee to accept trust does not vest legacy.* Refusal of a trustee of a legacy to accept the trust does not operate to vest the title to the legacy in the *cestui que trust,* where the trust is active and not a mere passive one, in which the trustee was nothing but a repository of the title.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of DeKalb county; the Hon. CHARLES KELLUM, Judge, presiding.

On December 27, 1891, Charles D. Bennett, late of DeKalb county, Illinois, died, leaving a last will and testament, which was duly admitted to probate in said county on January 9, 1892. The testator left surviving him the defendants, Mary A. Bennett, his widow, and Ernest A. Blake, a grandchild, and the complainant, Charles W. Bennett, his only surviving child. By his said will testator appointed his wife, Mary A. Bennett, and the defendant David A. Syme, executrix and executor thereof, the latter being also named as trustee. David A. Syme refusing to act either as executor or trustee, the defendant Mary A. Bennett was appointed sole executrix, duly qualified and at the time of filing the bill herein was still acting as such. No trustee, at the time of bringing this suit, had been appointed.

By the second clause of his will the testator gave to his wife, Mary A. Bennett, "for her comfortable support and maintenance, the use, during her natural life, of all my estate, both real and personal, of whatever name or nature, together with the right and authority to dispose of the same, or any part thereof, as she may see fit, and to use the inter-

est and so much of the principal of my said estate as may be necessary for her support and maintenance, as aforesaid, charged, however, and subject to the payment of the sum of $3000 to my trustee, David A. Syme, as hereinafter provided, for the benefit of my son, Charles W. Bennett, and also to the payment of a legacy of $500 to my grandson, Ernest A. Blake, as hereinafter provided."

The third clause of said will, out of which this controversy arises, is as follows: "I give, devise and bequeath to my trustee, David A. Syme, the sum of $3000 in trust, to invest the same in notes and mortgages on unencumbered real estate, or other safe investments, as his good judgment may dictate, with interest semi-annually, to be collected and paid to my son, Charles W. Bennett, semi-annually until he attains the age of forty years, and if my said wife is then living, to pay to my said son, Charles W. Bennett, at such time, the said sum of $3000, which shall then become his absolutely; but if my said wife is not living when my said son becomes forty years of age, then and in that case said David A. Syme shall retain the said $3000 and invest the same, and pay the interest to my said son, Charles W. Bennett, as hereinbefore provided, for ten years thereafter, or until he arrives at the age of fifty years, at which time the said $3000 shall be paid to my said son and become his absolutely, and in case of his death before the time or times herein fixed for the payment of the $3000 to him, it shall go to his heirs."

By the fourth clause of his will the testator devised $500 to Ernest A. Blake, and in addition thereto $500 and one-third part of the remainder of his estate upon the death of the wife of the testator, but directed that the estate should be held by the trustee until said Ernest A. Blake should attain the age of twenty-two years. By the sixth clause of the will he devised to his trustee, in trust, the remainder of his estate, to be managed, controlled and invested for the use and benefit of appellant in the same manner as the $3000 trust, to be

held until appellant should attain the age of forty years, at which time said remainder was to be paid to him.

Complainant filed his amended bill setting up the foregoing facts, and the further fact that the sum of $3000 had been separated from the rest of the estate of Charles D. Bennett, deceased, and since February 29, 1892, has been in the hands of Mary A. Bennett, as such executrix; that she has invested said sum on May 16, 1892, in a loan to one Samuel Whitney on his note, secured by unencumbered real estate in said county, said note being payable in five years after date, with interest at six per cent, payable semi-annually; also that said Mary A. Bennett has paid and accounted to complainant for interest on said sum of $3000 at the rate of six per cent per annum, semi-annually, since the 29th day of February, 1892, up to and including November 16, 1894. The bill herein was filed October 8, 1894.

Complainant alleges in his amended bill that he is thirty-four years of age, in poor health and unable to perform manual labor; that he has no trade or profession by which he can earn a living; that his only source of income is the interest on this $3000, or $180 per year, which he avers is insufficient to support him; that he is now in debt about $800 and has no means of paying it; that a trustee should be appointed, and that there should be decreed to be paid to him out of said sum of $3000 a sufficient amount to pay all his outstanding obligations, and a further sum sufficient to enable him to enter into some trade or business out of which he could earn money enough to support him; that by the terms of the third clause of the will said sum of $3000 vested in him is subject to levy and sale upon execution, and fears that the indebtedness against him may be put into judgment and his interest in the $3000 sold to satisfy the same, and that he will be put to great cost and expense unless the said sum of $3000 is paid to him; prays for the appointment of a trustee and that said Mary A. Bennett be decreed to pay over to such trustee said sum of $3000, and that the trustee

so appointed be ordered by the court to pay over to complainant the said sum of $3000 and take his receipt therefor, and that thereupon said trustee be discharged, or that the court may order the trustee to pay complainant a sum sufficient to enter into some business sufficient for his support.

The defendant Mary A. Bennett filed a demurrer to the amended bill, coupled with an answer. The answer admits most of the material allegations of the bill except as to the health of the complainant and his inability to perform manual labor, and as to such portions of the bill it denies the same, and avers complainant is in good health and able to earn a support if he would, but that he is of idle and spendthrift habits, and that it was because of the knowledge the testator had of the idle and spendthrift habits and disposition of the complainant to indulge in imprudent speculations and investments and his prior losses by such conduct and mismanagement of business, that he, the said testator, prudently provided by the will that the said complainant should not receive the said $3000 except under the circumstances set forth in the third clause of the will; that testator did not intend that complainant should receive the $3000 at all unless the contingencies mentioned in said third clause should occur that would entitle him thereto; that the present heir presumptive of said complainant is the defendant Ernest A. Blake; that what complainant is able to earn, added to his income from said $3000, will be quite sufficient to furnish him a comfortable support and maintenance; that it would not be to his advantage or benefit, at the present time, to engage in any business as the owner and manager thereof; admits that a trustee should be appointed, but denies that otherwise the complainant is entitled to any of the relief prayed. To so much of the bill as claims that said sum of $3000 is vested in the complainant and is subject to levy and sale under executions against him, and that he is entitled to have the same paid to him now, the defendant Mary A. Bennett demurs.

On the hearing the complainant, in open court, withdrew his application for the appointment of a trustee in place of David A. Syme, who declined to act as such, and thereupon the court sustained the demurrer to the amended bill and dismissed the same so far as demurred to, and the complainant having waived a hearing on the other matters in said amended bill and filed no replication to the answer thereto, the court dismissed the amended bill at the cost of the complainant, from which action of the court the complainant prosecutes this appeal.

The court below found, by its decree, that the principal sum of the $3000 legacy to be put into the hands of David A. Syme, as trustee, and to be loaned by him, as provided in the third clause of the will of Charles D. Bennett, deceased, the interest to be paid to said complainant semi-annually, is not vested in said complainant nor liable for the payment of his debts, but his right thereto is dependent on the contingencies of his living to be forty years of age and said Mary A. Bennett living, or in case she is then deceased, on his living to be fifty years of age, and in case of his being deceased before he becomes entitled thereto, the said $3000 is to go to whomsoever may be his heirs, as substituted legatees under said will. The Appellate Court for the Second District affirmed the judgment of the court below.

Pending this proceeding, and since the decree below and since the judgment of the Appellate Court affirming the same, it is made to appear that one Clarence D. Rogers has been duly appointed trustee of the estate of Charles D. Bennett under the provisions of the will here under consideration; and it also is made to appear to the court that the appellee Mary A. Bennett has, since the submission of the cause, departed this life, and Clarence D. Rogers, the trustee above named, has been substituted as appellee herein.

W. C. KELLUM, for appellant.

CARNES & DUNTON, and H. T. SMITH, for appellees.

Mr. Justice Ricks delivered the opinion of the court:

Many questions are raised and urged by appellant which, under the views we entertain of the will in question, seem to be unimportant and not applicable. We regard the trust here created and under consideration as what is known as a spendthrift trust, created for the purpose of providing for the maintenance of appellant and at the same time securing it against his improvidence and incapacity for self-protection. Such estates have become recognized, generally, by most of the courts of the United States, and their treatment of the question has gone into the books as the American doctrine upon the subject of and applicable to such trusts. (26 Am. & Eng. Ency. of Law,—2d ed.—137 *et seq.* and authorities there cited; *Steib* v. *Whitehead,* 111 Ill. 247.) Most of the controversy arising in relation to such trusts has involved questions affecting the rights of creditors to the trust fund or property. No such question is here involved. The sole contention is by the appellant, who is the *cestui que trust,* and who claims that the trust is executed, and if not, that payment in whole, or *pro tanto,* should be accelerated that he might so apply it as to relieve his creditors.

Appellant's first and main contention is that the trust is a dry or passive trust, so far as the provisions of the will are concerned, and that it is executed by the Statute of Uses, and that the title to the trust property vested in appellant at the death of the testator.

It is a cardinal rule of construction of wills that the intention of the testator shall be ascertained from all that is contained within the four corners of the will, and when ascertained shall be given effect unless it contravenes some well established principle of law. Whether the trust is executed or executory and whether the estate is vested or contingent are matters of sound construction following the correct interpretation of the provisions of the instrument creating the trust.

The testator was, at the time of making his will and at the time of his death, seized of a considerable estate. Appellant was his only living child and was thirty-one years of age. Besides appellant the testator left a grandson, Ernest A. Blake, who was a minor, and also left Mary A. Bennett, the widow of the testator. By clause 3 of the will $3000 was set apart and placed in trust and the income was to be paid to appellant until he attained the age of forty years, at which time, by the provisions of the will, the *corpus* or principal fund should become the absolute property of appellant provided the wife of the testator was then living, but if the wife or widow should be dead at the time appellant attained the age of forty years the trust fund here in controversy should be held by the trustee ten years longer, and at the expiration of the said ten years should become the absolute property of appellant. The reason for the extension of the time at which appellant might become vested with the property is readily comprehended when the other provisions of the will are looked into. The testator, by his will, directed that $500 should go to his grandson, Ernest A. Blake, upon the death of the testator, and $500 and one-third of the remainder of his estate upon the death of the wife of the testator, and that appellant, after the payment of these sums, should have two-thirds of the remainder of the testator's estate, but that it should be held by the trustee until he should attain the age of forty years, when it should be paid to him. It will thus be seen that if the wife of the testator was dead when appellant attained the age of forty years appellant would come into two-thirds of the remainder of the estate of the testator absolutely, and it was the clear purpose of the testator to guard against want or improvidence on the part of appellant by providing that if the contingency should happen upon which he might, at the age of forty years, receive two-thirds of the residuum, there would still be held for him or for his benefit the original $3000, the income of

which would be secured to him until he should attain the age of fifty, when the *corpus* should vest in him.

In the case at bar, owing to the peculiar state of the pleadings, we are not aided by the averments of the answer, but must place our construction of the will solely upon the matters appearing in it and the bill, but we think, from the provisions to which we have adverted, the intention of the testator was clear and manifest that appellant should never be vested with the title to the fund here in question until he should attain the age of forty years, and not then if his mother should be then dead, but that the same, in that case, should be postponed until he should attain the age of fifty years. His grandson, who was a minor, was to have the full benefit of his estate when he attained the age of twenty-two years. Taking these provisions, then, together, it would seem unnecessary to go beyond the will itself to determine the intention of the testator.

In determining the character of the trust here created, whether a spendthrift trust or not, we may look to the provisions of the will and the condition of the parties as disclosed by the bill. (*Kaufman* v. *Breckinridge,* 117 Ill. 305.) It is usual in such trusts to find a provision against alienation of the trust fund by the voluntary act of the beneficiary, or *in invitum* by his creditors. "It is not necessary that an instrument creating a spendthrift trust should contain an expressed declaration that the interest of the *cestui que trust* in the trust estate shall be beyond the reach of his creditors, provided such appears to be the clear intention of the testator or donor as gathered from all parts of the instrument construed together in the light of the circumstances." (26 Am. & Eng. Ency. of Law,—2d ed.—p. 141; *Stambaugh's Estate,* 135 Pa. St. 585; *Appeal of Grothe,* 19 Atl. Rep. 1058; *Baker* v. *Brown,* 146 Mass. 369; 15 N. E. Rep. 783; *Patten* v. *Herring,* 29 S. W. Rep. 388.) The fact that a trustee was appointed and vested with the estate and the beneficiary was given the income only is a circumstance from

which the intention of the testator to create a spendthrift trust may be inferred.  *Stambaugh's Estate, supra.*

Appellant contends that there is a present gift to him of the $3000 legacy, with the payment merely deferred to one of the future periods mentioned in the will, and that where such is the case and the subject matter of the bequest is to be at once separated from the estate and vested in the trustee for the benefit of the legatee, the gift vests at once, and this whether the fund is to be held for accumulation and final payment or whether the interest is paid to the legatee as it accrues.  In support of this contention appellant cites 29 Am. & Eng. Ency. of Law,—1st ed.—454.  The language there used and upon which the rule announced is predicated is, "where there is a clear gift distinct from a direction to pay when the legatee attains a given age, the direction to pay will not postpone the vesting."  If there was a clear gift *in presenti* the position of appellant would be unassailable.  But as we read this will there is no present gift to him of the legacy but the gift is to the trustee, who, as we think, takes the fee charged with the exercise of a discretion as to its investment, and is directed to pay the income to appellant until the times designated to pay the *corpus*.  The language used by the testator with reference to the two designated times of payment is as to the period of forty years, at which time the said sum of $3000 "shall then become his absolutely," and as to the second period of payment is, "at which time the said $3000 shall be paid to my son and become his absolutely."  So that if the ordinary and usual meaning be given to the language of the will, it would seem entirely clear that it was the intention of the testator that appellant's right to the *corpus* should not vest until the period of distribution, and the fact that the fund is segregated at once from the estate and devoted to the particular trust should not, we think, defeat the clearly expressed purpose of the testator.  Such fact is one of the tests to be used in doubtful cases in determining whether the legacy is vested or not, and most com-

monly arises in cases where there is an absence of language that can be construed into a gift as distinguished from a mere direction to pay; but when the language is not doubtful and the intention of the testator, as shown by the language in the will, is clear that the legacy should not vest at the death of the testator, rules of construction used in doubtful cases have no application.

The last expression of the third clause is, "in case of his death before the time or times herein fixed for the payment of the $3000 to him, it shall go to his heirs." The appellant urges that this provision, that "it shall go to his heirs," brings the bequest within the rule of *Shelly's case* and that the legacy is vested by operation of law; that by analogy to said rule the vesting of the legacy cannot be prevented by the clearly expressed intention of the testator that it shall not be, because, having used the word "heirs" in this manner, the law gives that word controlling effect, and denies to the testator the power to direct his estate in a channel contrary to the course fixed by the law. As applied to a devise of real estate the position of appellant is sound, for the reason that the policy of the law has been to give stability to titles to such property and hold them vested when it can. As applied to gifts or conveyances of personalty the word "heirs," strictly speaking, has no application. If in a devise of the latter class of property additional words were necessary, the words "executor, administrator and assigns" would be the proper words to show the extent of the estate to the first taker and indicate absolute property. By analogy, however, the rule in *Shelly's case* is applied in gifts of personalty, but in all cases where the word is used in the devise of personalty it is held to yield to the expressed intention of the testator. (*Taylor* v. *Lindsey,* 14 R. I. 518; *Horn* v. *Lyeth,* 4 H. & J. 431; Williams on Personal Property, 244; *Glover* v. *Condell,* 163 Ill. 566; 22 Am. & Eng. Ency. of Law,—1st ed.—512; *Gross* v. *Shellan,* 31 Atl. Rep. 812; 4 Kent's Com. 218.) There being

no present grant to the appellant by the will in question, we are disposed to regard the provision as to the heirs taking the property in the event that the appellant should die before the time fixed for him to take it, as being words of purchase or substitution. (Beach on Wills, sec. 287; Williams on Executors,—6th Am. ed.—1034.) Mr. Freeman, in his note to *Carpenter* v. *VanOlinder,* 127 Ill. 42, as reported in 11 Am. St. Rep. 106, says: "Hence a devise to A in trust for his heirs as long as he shall live, and after his death to his heirs, their heirs and assigns, vests a life estate only and the fee in his heirs; and generally, where the use only is given to the first taker, and his heirs, designated as remainder-men, take both the legal and beneficial estate, the rule in *Shelly's case* is inapplicable." The rule also seems to be well established and recognized by this court in *Baker* v. *Scott,* 62 Ill. 86, that where there is an executory trust created the rule in *Shelly's case* has no application. The same rule is also laid down in 27 Am. & Eng. Ency. of Law,—1st ed.—68.

It is also contended by appellant that the legacy vested by the refusal of the trustee to accept the trust. This result can only follow in cases where the entire beneficial interest is in the *cestui que trust* and the trustee is a mere repository of the title. (27 Am. & Eng. Ency. of Law,—1st ed.—127.) Such is not the case here. In *Glover* v. *Condell, supra,* a trust very similar to this was held an active and not a passive one. It was there said (p. 588) : "But personal property is not within the Statute of Uses. In the case at bar the trustees were to hold the proceeds of sale—the money or securities representing two-thirds of Albert's share—during his life and invest the same and pay him the interest during his life, so that the trust was an active one and his estate was equitable."

It is quite apparent that the postponement of the time of the payment of this legacy was not on account of or for the benefit of the fund or estate of the testator, as there was

no charge of any kind against it. It was separated from the other funds or portions of the testator's estate by his direction. The postponement of the time of payment was for reasons personal to the legatee, and if the intention of the testator that the legacy should not vest in appellant until the period of payment was not clear and certain from the language used, in the absence of a present gift to him we would hold that the legacy did not vest until the period of distribution or payment. *Scofield* v. *Olcott,* 120 Ill. 362.

We are of the opinion that the chancellor and the Appellate Court placed the proper construction upon the will before us, and the judgment of the Appellate Court is affirmed.

                                        *Judgment affirmed.*