(No. 11678.—Decree affirmed.)

ALPHAUS K. HARTLEY *et al.* Appellants, *vs.* THE UN-
KNOWN HEIRS OF SACKER WYATT, Appellees.

*Opinion filed December 19, 1917.*

1. TRUSTS—*test to determine whether the Statute of Uses has
intervened.* In case of an express trust, the true test for deter-
mining whether the Statute of Uses has intervened is to ascertain,
by a proper construction of the terms of the instrument creating
the trust, what the duties of the trustee are and then to determine
whether they have been performed, and if they have not been per-
formed the trust still exists and the statute has not intervened.

2. SAME—*when trust created is a spendthrift trust.* Where the
object of a trust is to furnish the beneficiary with an income for
life or to furnish him a place where he can earn a living if in the
discretion of the trustee it is thought best to allow the beneficiary
to occupy and manage the land himself, the premises at his death
being devised to his "heirs-at-law," the trust is a spendthrift trust.

3. SAME—*when trustee is not authorized to terminate trust.* A
will devising certain land to a trustee for the benefit of the tes-
tator's son during the life of the beneficiary, with power to the
trustee to collect the income and pay it to the beneficiary or for
his support or benefit, or, in his discretion, to allow the beneficiary
to live upon and farm the land, and devising the premises, after the
death of the beneficiary, to his heirs-at-law, creates an active trust
for the life of the beneficiary and does not authorize the trustee to
terminate the trust by conveying the premises to the beneficiary.

APPEAL from the Circuit Court of Edgar county; the
Hon. AUGUSTUS A. PARTLOW, Judge, presiding.

SHEPHERD, TROGDON & DOLE, for appellants.

R. S. DYAS, J. E. DYAS, and HARVEY GROSS, for ap-
pellees.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the
court:

A bill, afterward amended, was filed in the circuit court
of Edgar county to construe the will of Shelby Wyatt and
to quiet the title in appellants to 73 acres of land in said

281 – 21

county. All the defendants in said bill answered, and rep-
lications were thereafter filed by the complainants. After
the pleadings were settled a hearing was had before the
court and the bill was dismissed for want of equity. This
appeal then followed.

Shelby Wyatt died testate in 1903, seized in fee of the
land in question, leaving one son, John Wyatt, and two
daughters. By his will he left certain land to each of his
daughters in fee simple and devised the 73 acres in ques-
tion by the second clause of the will, which reads as follows:

"*Second*—I give, bequeath and devise to Timothy Mc-
Cuddy, in trust for the use and benefit of my son, John
Wyatt, for and during only the lifetime of the said John
Wyatt, the following described real estate: [Here follows
the description of the 73 acres.] And I hereby give to
the said Timothy McCuddy full power and authority to
either rent said premises so conveyed in trust to him and
to collect the rents and profits thereof and to pay the same
to the said John Wyatt or for his support or benefit, as he,
the said Timothy McCuddy, may deem most advisable for
the welfare and comfort of the said John Wyatt, or the
said Timothy McCuddy may, if he consider it for the best
interest of the said John Wyatt, permit him to live upon
and farm said premises. After the death of my said son,
John Wyatt, I give, bequeath and devise the said premises
above devised in trust to the said Timothy McCuddy, to
the heirs-at-law of the said John Wyatt. And I hereby
direct that the said Timothy McCuddy shall retain as his
compensation for his services as such trustee, as aforesaid,
ten per cent of the rents and profits arising therefrom."

John Wyatt at the date said will was probated had five
children by his first wife, viz., James S., Ira and Adelbert
Wyatt, and Effie Holaday and Mary Smith. He also had
one child, Emma Wyatt, by his second wife. Under a
guardian's sale the share of James S. Wyatt was purchased
by Jacob E. Wyatt and A. K. Hartley. Effie Holaday con-

veyed her share in said land to the same two persons. Since then Jacob E. Wyatt has died, leaving a widow and two children. Ira and Adelbert sold their respective shares to W. T. Watson. Neither Mary Smith nor Emma Wyatt conveyed away her interest in said land, but Mary Smith has since died, leaving a husband and two children as her heirs. The will of Shelby Wyatt was probated November, 1903, and his estate was fully administered. Timothy McCuddy was trustee until January 14, 1908, when he resigned and John H. Owens was appointed. Owens resigned February 19, 1908, never having qualified or served, and James Wyatt was appointed. On July 7, 1909, James Wyatt resigned and N. Y. Nelson was appointed. Nelson never qualified or served, and since his appointment there has been no trustee nor was any action taken concerning the trustee or the appointing of one, and there is now no person acting as trustee under the will. On July 28, 1909, Timothy McCuddy gave a quit-claim deed of the land in question to John Wyatt. On the same date Wyatt gave a warranty deed to the land to W. T. Watson, and thereafter Watson conveyed an undivided one-half interest in the land to A. K. Hartley.

Appellants claim that the second clause of the will should be construed to mean that the 73 acres were placed in trust in Timothy McCuddy for the use of John Wyatt during the lifetime of John, with the added provision that when McCuddy should consider it for the best interest of John Wyatt the premises were to be turned over to John; that the trust in McCuddy was active in the beginning but became passive when he by his quit-claim deed executed his discretionary power and turned the premises over to John Wyatt; that when the trust became passive the Statute of Uses executed a life estate in the premises in Wyatt, and that when Wyatt took the life estate, under the rule in *Shelley's case* he became seized of the fee simple title in said land.

The question at issue here is whether under said will the 73 acres in question are entirely owned by appellants, Alphaus K. Hartley and William T. Watson, as tenants in common, or whether the remainder in the premises, after the death of John Wyatt, is owned by the children of John or those claiming under them. Where a trust is an express one, the true test to determine whether the Statute of Uses has intervened is to find the proper construction to put upon the terms of the instrument creating the trust, in order to ascertain what duties are imposed on the trustee, and then determine whether or not they have been performed, and if they have not been performed, the trust still exists and the statute has not intervened. (*McFall* v. *Kirkpatrick,* 236 Ill. 281.) The object of this trust was to furnish John Wyatt with an income to live on, or to give him a place where he could earn a living, if in the discretion of the trustee it was decided that it was best to allow Wyatt to occupy and manage the land himself. This trust created by the will of Shelby Wyatt was clearly a spendthrift trust for the benefit of his son, John. It is not necessary that the *cestui que trust* shall be called a spendthrift, or that the testator shall give his reasons for creating such trust, or that the will shall contain, in express terms, all the restrictions and qualifications incident to such a trust, or that it contain an express provision against the alienation of the trust property. If it appears from the whole will that the testator intended to create such a trust, such an intention will be given effect. *Anderson* v. *Williams,* 262 Ill. 308; *Bennett* v. *Bennett,* 217 id. 434; *Wagner* v. *Wagner,* 244 id. 101.

We find no evidence in the record indicating that John Wyatt, the son, ever lived on the premises, or that the trustee, McCuddy, gave him permission to do so. The deed from McCuddy to Wyatt was executed on the same date as the deed from Wyatt to Watson, on which appellants' claim of title here is based. By the second clause of the

will it was not intended by the testator that the property should be turned over, once for all, to his son, John Wyatt, if the trustee decided that it was wise to let him occupy the land. As we construe this will, if at any time the trustee thought it was for the best interest of the son, John, that said son should be permitted to live upon and farm the premises the trustee was authorized to allow him to do so. ·But we think it is obvious that the testator intended to leave the title in trust in the trustee, so that if John did not manage the premises properly said trustee could dispossess him of the occupancy of the land and thereafter lease it to someone else and turn over the rents and profits to or for the benefit of John. We do not think it is a fair construction of this will that it was the intention of the testator to allow the trustee to quit-claim the land to John Wyatt during his lifetime if in the judgment of the trustee he deemed it for the best interest of the son so to do. The testator intended, in our judgment, that the trustee should have the management and control of the land during the lifetime of the son, John, and that the active duties of the trust would only end at the death of John, when the remainder would go to the heirs. This being so, the trust must be held to be active, and it was not executed by the Statute of Uses. (*Kirkland* v. *Cox,* 94 Ill. 400; *Kellogg* v. *Hale,* 108 id. 164; *Moll* v. *Gardner,* 214 id. 248; *McFall* v. *Kirkpatrick, supra.*) We know of no rule of law that would justify the trustee, under this will, in ending this active trust by deeding the property to the *cestui que trust.* Under the reasoning of this court in *Binns* v. *LaForge,* 191 Ill. 598, the quitclaim deed from McCuddy to John Wyatt must be held void. Even if the will did authorize the trustee, McCuddy, to end the trust (which it does not) by deeding over the title to the *cestui que trust,* we do not see how the trustee could possibly be authorized so to do after he had resigned his trust and his successor had been duly appointed by the court.

Counsel for appellants further argue that under his deed from McCuddy John Wyatt obtained the legal title to said land with limitation over by way of remainder to his children; that the two interests being, it is insisted, of the same legal quality, therefore, under the rule in *Shelley's case,* John Wyatt took the whole estate, the remainder to the children being defeated, citing in support *Smith* v. *Smith,* 254 Ill. 488, and *McFall* v. *Kirkpatrick, supra.* Having held that the trust was an active one, limited to the life of John Wyatt, the trust was not executed under the Statute of Uses. It necessarily follows that the rule in *Shelley's case* would not apply in this case.

As the decree of the circuit court must be affirmed dismissing the bill for want of equity, we need not discuss or pass upon the cross-errors assigned by appellees.

The decree of the circuit court will be affirmed.

*Decree affirmed.*

---

(No. 11558.—Reversed and remanded.)
C. E. PETERSON & Co. Plaintiff in Error, *vs.* THE INDUSTRIAL BOARD OF ILLINOIS *et al.* Defendants in Error.

*Opinion filed December 19, 1917.*